Filed 3/23/21  P. v. Hawkins CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074651 |
| v. | (Super.Ct.No. RIF73308) |
| JEREMY WAYNE HAWKINS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne McGinnis and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Jeremy Wayne Hawkins pled guilty to first degree attempted murder. (Pen. Code,[1] §§ 664, 187, subd. (a).) In 2019, Senate Bill No. 1437 went into effect and now allows a defendant convicted of murder to petition a court under section 1170.95 to have the murder conviction vacated. Defendant filed a petition under section 1170.95. The trial court dismissed his petition because he was convicted of attempted murder, not murder.

Defendant appeals, arguing the court erred in denying his petition since the provisions of Senate Bill No. 1437 apply to defendants convicted of attempted murder. We disagree and affirm the trial court's order.

## PROCEDURAL BACKGROUND

Defendant was charged by information with attempted premeditated murder (§§ 664, 187, subd. (a), count 1) and burglary (§ 459, count 2). As to count 1, the information alleged that he personally used a deadly weapon (former § 12022, subd. (b), § 1192.7, subd. (c)(23)) and personally inflicted great bodily injury (former § 12022.7, subd. (a), § 1192.7, subd. (c)(8)).

On July 9, 1998, defendant entered a plea agreement and pled guilty to count 1. On August 6, 1998, a trial court sentenced him to life in state prison with the possibility of parole and dismissed the remaining count and allegations in accordance with the plea agreement.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

2

On May 6, 2019, defendant filed a petition for resentencing under section 1170.95, in propria persona, alleging that he pled guilty to attempted first degree murder because he "fear[ed] that he might be convicted after trial [pursuant] to the Felony First Degree/Botched murder rule and or the natural and probable consequences doctrine." He also alleged that he could not now be convicted of attempted first degree murder because of the amendments to sections 188 and 189. He requested appointment of counsel. The People moved to strike defendant's petition, arguing that Senate Bill No. 1437 is unconstitutional.

On November 8, 2019, the court held a hearing on the petition. The People argued that the petition should be dismissed because it involved attempted murder. Defense counsel objected for the record. The court stated that *People v. Munoz*[2] and *People v. Lopez*[3] "stand for the proposition that attempt murder does not work under the statute" and dismissed the petition.

## DISCUSSION

### Senate Bill No. 1437 Does Not Apply to Attempted Murder

Defendant argues that Senate Bill No. 1437, including the petitioning procedure in section 1170.95, applies to convictions for both murder and attempted murder. We disagree and conclude that the court properly dismissed his petition.

---

[2] The court was apparently referring to *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted November 26, 2019, S258234.

[3] The court was apparently referring to *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted November 13, 2019, S258175.

3

A. *Senate Bill No. 1437*

On September 30, 2018, the Governor signed Senate Bill No. 1437. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722-723 (*Martinez*).) "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*Id*. at pp. 722-723.) "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Id*. at p. 723.)

Senate Bill No. 1437 accomplished that purpose by substantively amending section 188 (defining malice) and section 189 (defining the degrees of murder). "Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' " (*In re R.G.* (2019) 35 Cal.App.5th 141, 144; see § 188, subd. (a)(3).) Amended section 189 limits first degree murder liability based on a felony murder theory to a person who: (1) was the actual killer; (2) although not the actual killer, intended to kill and assisted the actual killer in the commission of first degree murder; or (3) was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189,

4

subd. (e).)  "Senate Bill [No.] 1437 thus ensures that murder liability is not imposed on a person who did not act with implied or express malice, was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (*Munoz, supra*, 39 Cal.App.5th at pp. 749-750.)

Senate Bill No. 1437 also added section 1170.95, which creates a procedure by which persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing.  (*Martinez, supra*, 31 Cal.App.5th at pp. 722-723.)  Subdivision (a) of section 1170.95 provides:  "(a) A person *convicted of felony murder or murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of *felony murder or murder* under the natural and probable consequences doctrine.  [¶] (2) The petitioner was convicted of *first degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of *first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019."  (Italics added.)

5

B. *The Court Properly Dismissed the Petition*

We follow the reasoning in *Lopez* and *Munoz*, as the trial court did, and find that Senate Bill No. 1437 does not apply to attempted murder. (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1104-1105; *Munoz*, *supra*, 39 Cal.App.5th at pp. 753-754.) In *Lopez*, the appellate court concluded the "Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill [No.] 1437 reform" was evidenced by the language of section 1170.95 itself, as it expressly limits its application to murder convictions. (*Lopez*, at pp. 1104-1105.)

The *Lopez* court further observed: "The plain language meaning of Senate Bill [No.] 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history." (*Lopez*, *supra*, 38 Cal.App.5th at p. 1105.) The court stated: "When describing the proposed petition process, the Legislature consistently referred to relief being available to individuals charged in a complaint, information or indictment 'that allowed the prosecution to proceed under a theory of first degree felony murder, second degree felony murder, or murder under the natural and probable consequences doctrine' and who were 'sentenced to first degree or second degree murder.' [Citation.] In addition, when discussing the fiscal impact and assessing the likely number of inmates who may petition for relief, the Senate Committee on Appropriations considered the prison population serving a sentence for first and second degree murder and calculated costs based on that number. [Citation.] The analysis of potential costs did not include inmates convicted of attempted murder." (*Ibid.*)

6

In *Lopez*, the defendants argued that, "by redefining the elements of murder, Senate Bill [No.] 1437 impliedly eliminated the natural and probable consequences doctrine as a basis for finding an aider and abettor guilty of attempted murder . . . ." (*Lopez, supra*, 38 Cal.App.5th at p. 1105.)  The court found the argument unavailing and explained, as follows:  the defendants' "premise of this implied repeal argument is that, generally to be guilty of an attempt to commit a crime, the defendant must have specifically intended to commit all the elements of that offense.  Since a conviction for murder now requires proof of malice except as specified in section 189, subdivision (e), and malice may not be imputed to a person based solely on his or her participation in an underlying crime, they reason, the natural and probable consequences theory of aider and abettor liability is no longer viable.  [¶]  [The defendants'] premise, that to be guilty of an attempt an accomplice must have shared the actual perpetrator's intent, is correct as to direct aider-and-abettor liability [citations], but it is inapplicable to offenses charged under the natural and probable consequences doctrine, which is based on a theory of vicarious liability, not actual or imputed malice.  [Citation.]  As a matter of statutory interpretation, Senate Bill [No.] 1437's legislative prohibition of vicarious liability for murder does not, either expressly or impliedly, require elimination of vicarious liability for attempted murder." (*Lopez*, at pp. 1105-1106.)

The court in *Munoz, supra*, 39 Cal.App.5th 738, agreeing with *Lopez*, held that Senate Bill No. 1437 plainly and unambiguously applies only to murder because "section 1170.95 . . . speaks only in terms of murder, not attempted murder." (*Munoz*, at p. 754.) As the *Munoz* court noted, "[w]here the words of the statute are clear, we are not at

liberty to add to or alter them to accomplish a purpose that is not apparent on the face of the statute or in its legislative history." (*Id.* at p. 755.)

Other appellate courts have concluded that, despite attempted murder not being enumerated in Senate Bill No. 1437, the legislation must be interpreted to include attempted murder. (See *People v. Larios* (2019) 42 Cal.App.5th 956 (*Larios*), review granted Feb. 26, 2020, S259983 & *People v. Medrano* (2019) 42 Cal.App.5th 1001 (*Medrano*), review granted March 11, 2020, S259948; see also *People v. Sanchez* (2020) 46 Cal.App.5th 637 (*Sanchez*), review granted June 10, 2020, S261768.) *Larios* and *Medrano* held that Senate Bill No. 1437's changes to sections 188 and 189 preclude imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought. (*Larios*, at p. 966; *Medrano*, at p. 1013.) As the *Larios* court explained, section 188, as amended, stated that " 'malice shall not be imputed to a person based solely on his or her participation in a crime' " (*Larios*, at p. 966), and contained "no exceptions for attempted murder, which indisputably requires express malice." (*Id.* at p. 967.) Based on section 188, the *Larios* court determined Senate Bill No. 1437 modified accomplice liability for both murder and attempted murder. (*Larios*, at p. 968.) Accordingly, because the amended statutes prohibit malice from being imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder. (*Larios*, at p. 966; *Medrano*, at p. 1013.)

8

However, in *Larios* and *Medrano*, the courts found that even if Senate Bill No. 1437 applied to attempted murder convictions on direct appeal, based on the unambiguous language in section 1170.95, a defendant convicted of attempted murder could not file a petition pursuant to section 1170.95. (*Larios*, *supra*, 42 Cal.App.5th at pp. 969-970; *Medrano, supra*, 42 Cal.App.5th at pp. 1017-1018.) *Larios* and *Medrano* agreed with the reasoning of *Lopez* and *Munoz* "that the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder." (*Larios*, *supra*, 42 Cal.App.5th at p. 970; see *Medrano*, *supra*, 42 Cal.App.5th at p. 1018.) *Larios* and *Medrano* concluded, "there [was] a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*Medrano*, at p. 1018; see *Larios*, at p. 970.) We agree and find that section 1170.95 does not allow a defendant who has been convicted of attempted murder to apply for relief.

Defendant acknowledges that *Larios* and *Medrano* hold that the petitioning procedures in section 1170.95 are not available to defendants convicted of attempted murder. However, he claims that portion of those cases was incorrectly decided and insists that the mechanism for obtaining relief from past convictions via section 1170.95 applies to attempted murder convictions. However, by section 1170.95's plain terms, only persons "convicted of felony *murder or murder* under a natural and probable consequences theory may file a petition . . . ." (§ 1170.95, subd. (a), italics added.) "The

9

repeated references to murder convictions in section 1170.95, as opposed to attempted murder convictions, make clear that Senate Bill 1437's ameliorative benefit was meant to reach only the completed offense of murder, not the distinct offense of attempted murder." (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 (*Alaybue*).)

Defendant further argues that construing Senate Bill No. 1437 to apply to murder, but not attempted murder, will result in the absurd consequence of a defendant who aided and abetted a confederate in an assault where the victim died being guilty of assault; however, for the same conduct, if the victim does not die, the defendant would be guilty of the greater offense of attempted murder. The court in *Munoz* rejected a similar argument. The defendant in that case argued that construing Senate Bill No. 1437 to apply only to murder would result in " 'absurdly disparate' sentencing consequences for the same conduct, with persons convicted of the lesser offense of attempted murder serving longer sentences than those convicted of murder." (*Munoz, supra*, 39 Cal.App.5th at p. 756, fn. omitted.)

The *Munoz* court recognized that the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature did not intend, or would frustrate the purpose of the legislation as a whole. However, it concluded that the Legislature apparently *intended* to exclude attempted murder from Senate Bill No. 1437's reach "and the consequences of that legislative choice are not clearly absurd." (*Munoz, supra*, 39 Cal.App.5th at p. 757.) The court pointed to "[t]he statute's uncodified statement of legislative findings and declarations," and noted the "repeated references to 'murder,' and murder alone," as well as "the statement that

10

amendment of the natural and probable consequences doctrine was necessary 'as it relates to murder.' " (*Ibid.*)

The *Munoz* court also reasoned that it would not be absurd to abide by the plain language of the statute, since "it is far from clear that interpreting Senate Bill [No.] 1437 to apply to convictions for murder, but not attempted murder, will always, or typically, result in longer sentences for the latter." (*Munoz*, *supra*, 39 Cal.App.5th at pp. 757-758.) The court noted that "the basic punishment for attempted murder is far less severe than that imposed for murder" and applying the statute's plain language does not "undermine the primary legislative goal of making punishment commensurate with culpability, because the punishment for attempted murder was already, prior to Senate Bill [No.] 1437's enactment, less than that imposed for murder." (*Id.* at p. 758; see also *Alaybue*, *supra*, 51 Cal.App.5th at p. 224 ["the Legislature could have reasonably concluded that the need to address sentencing reform was more appropriately directed at persons convicted of murder as opposed to attempted murder . . . because the punishment for attempted murder is generally far less than the punishment imposed for murder"].)

Moreover, the *Munoz* court observed that the " 'absurdity exception requires much more than [a] showing that troubling consequences may potentially result if the statute's plain meaning were followed or that a different approach would have been wiser or better,' " and, further, that the absurdity doctrine should be used only in extreme cases. (*Munoz*, *supra*, 39 Cal.App.5th at p. 758; see *People v. Morales* (2019) 33 Cal.App.5th 800, 806.) Here, although the potential consequences suggested by defendant may be troubling, we do not find the plain meaning of Senate Bill No. 1437 to be "so absurd in

11

its results that we would be permitted to disregard the literal language used in the statute." (*Alaybue*, *supra*, 51 Cal.App.5th at p. 225; see *Munoz*, *supra*, 39 Cal.App.5th at p. 758.)

In support of his contention that denying Senate Bill No. 1437 relief to attempted murderers is absurd, defendant also relies upon *Sanchez*, *supra*, 46 Cal.App.5th 637. The court there gave a hypothethical similar to defendant's and claimed that "[l]imiting Senate Bill No. 1437's malice imputing prohibition to murder has the absurd consequence of incentivizing murder." (*Id*. at pp. 643.) We disagree. As the court in *People v. Love* (2020) 55 Cal.App.5th 273, review granted December 16, 2020, S265445, reasoned, "[a]s a factual matter, people do not plan to commit an *attempted* murder. They plan to commit murder, but end up being unsuccessful. Indeed, a person can be convicted of attempted murder only if he or she intends to kill. [Citation.] It is difficult to see how a difference in sentencing on the back end has any effect on a crime that, by definition, the perpetrator must intend to commit." (*Id*. at pp. 290-291.) Furthermore, we note that *Sanchez* interpreted Senate Bill No. 1437 as abrogating the natural and probable consequences doctrine as a theory of accomplice liability for attempted murder, but only if raised by *direct appeal* from the underlying judgment, not by way of a section 1170.95 petition. (*Sanchez*, at pp. 642-644.) Therefore, *Sanchez* does not alter our analysis and conclusion that the court here properly dismissed defendant's section 1170.95 petition.[4]

---

[4] We note the People's argument that, assuming section 1170.95 relief is available to petitioners convicted of attempted murder, defendant's petition failed to state a prima facie case for relief, and further, that he cannot do so since the record indicates the

*[footnote continued on next page]*

Ultimately, we agree with the reasoning and holding of the courts in *Lopez* and *Munoz* that Senate Bill No. 1437 does not apply to defendants convicted of attempted murder.

<u>DISPOSITION</u>

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS                        </u>
                                                                    J.

We concur:

<u>McKINSTER            </u>
                Acting P. J.

<u>MILLER                   </u>
                                J.

---

prosecution's intention to pursue a theory that he was the assailant. In light of our conclusion, it is unnecessary to address this argument.

13